IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-00763-PAB-KLM

TIC-THE INDUSTRIAL COMPANY,

    Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY,

    Defendant.

## ORDER

This matter comes before the Court on plaintiff TIC-The Industrial Company's Submission of Just Costs and Actual Expenses, Including Attorney's Fees [Docket No. 27] (the "Submission"). On June 23, 2009, the Court remanded this case to state court and ordered Liberty Mutual Insurance Company, pursuant to 28 U.S.C. § 1447(c), to pay the just costs and any actual expenses, including attorney's fees, incurred by plaintiff as a result of the improper removal that occurred on April 3, 2009. Liberty Mutual has filed an opposition to plaintiff's Submission [Docket No. 28], and TIC-The Industrial Company ("TIC") has filed a reply [Docket No. 29].

Section 1447(c) of Title 28 authorizes a district court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

TIC seeks five categories of fees and costs: (1) Attorney's fees incurred as a result of Liberty Mutual's first two unsuccessful attempts to remove this case to federal

court; (2) attorney's fees related to research of Liberty Mutual's removal on April 3, 2009 and briefing TIC's motion to remand; (3) Westlaw charges for legal research concerning the April 3, 2009 removal; (4) attorney's fees and paralegal fees for federal court proceedings that would not have taken place in state court but for the removal; and (5) attorney's fees incurred in preparing the submission for fees and costs. In considering a request for attorney's fees, courts "are duty-bound to ensure that an award of attorneys' fees pursuant to § 1447(c) is reasonable." *Huffman v. Saul Holdings Ltd. Partnership*, 262 F.3d 1128, 1134 (10th Cir. 2001).

      **1. Attorney's fees incurred before April 3, 2009** – TIC seeks reimbursement for $4750 in attorney's fees for time spent researching removal issues in connection with Liberty Mutual's February 20, 2009 and February 25, 2009 removals of this case. TIC argues that this research was not used in February 2009 because the assigned judges issued summary remand orders, but was used to contest the propriety of the April 3, 2009 removal. Thus, TIC argues that these attorney's fees are "interrelated" to the fees incurred after the April 3, 2009 removal since, had TIC not already done the legal research, it would have had to do such research then. However, "interrelatedness" is not the standard for determining whether such fees are appropriate. Section 1447(c) and the Court's June 23, 2009 Order refer to costs "incurred as a result of the removal." These attorney's fees had already been incurred on April 3, 2009 and, as a result, are not properly reimbursable.

      **2. Attorney's fees related to contesting the April 3, 2009 removal** – TIC seeks $8450 in attorney's fees for time spent researching removal issues and briefing

its motion to remand. Liberty Mutual objects, claiming that the request is excessive and that TIC's reply brief to its motion to remand was essentially a restatement of its "opening brief." Docket No. 28 at 6. Liberty Mutual does not provide any specifics regarding time entries it believes are "excessive." Moreover, it is ironic for Liberty Mutual to make a blanket accusation that the time TIC spent researching removal issues is "excessive" when Liberty Mutual could have entirely avoided its and TIC's costs and expenses related to removal had it done more legal research on the subject in the first place. Liberty Mutual's argument that TIC's reply brief is a mere restatement of the motion to remand is baseless. The reply brief specifically addresses the arguments that Liberty Mutual makes in opposition to TIC's motion to remand, which is the function of a reply brief.

The Court has reviewed the billing records attached as Exhibit 1 to the Affidavit of Christopher Mosley, which is Exhibit A to TIC's Submission. The Court finds that the hourly billing rate of attorney Mosley and the hourly billing rate of attorney Pates are reasonable for the Denver legal market given their respective levels of experience. The Court also finds that their time entries after April 3, 2009 but before June 24, 2009 are reasonable and were incurred as the result of the April 3, 2009 removal. Thus, the Court awards $8450 in attorney's fees for this category.

**3. Westlaw charges** – TIC seeks payment of Westlaw charges of $198.13 that were incurred on April 8, 2009 in connection with Ms. Pates researching the April 3, 2009 removal to federal court. Liberty Mutual does not specifically object to this cost. The Court finds it proper.

**4. Attorney's fees and paralegal fees for proceedings in federal court** – TIC seeks payment of $9485 for certain attorney and paralegal fees that it incurred as a result of revising a scheduling order prepared by Liberty Mutual; preparing for and attending a Fed. R. Civ. P. 26(f) conference on June 2, 2009; and preparing a mediation report required by the assigned magistrate judge. TIC claims that it would not have incurred such fees had this case not been removed to federal court. TIC Reply at 6. Liberty Mutual opposes this request as beyond the scope of the Court's June 23, 2009 Order, noting that *Huffman* states "[t]o be compensable, . . . fees must be actually 'incurred,' that is, they must reflect efforts expended to resist removal." *Huffman*, 262 F.3d at 1135. Liberty Mutual's argument is that such attorney's fees were not incurred to "resist removal." However, a careful reading of *Huffman* shows that the distinction between fees related to resisting removal and fees unrelated to resisting removal but necessarily incurred as a result of removal was not before the court. The court in *Huffman* described the question before it as: "were certain of [plaintiffs' fees] incurred 'as a result of the removal,' or instead, as [defendant] alleges, were they incurred as a result of unreasonable billing practices?" *Huffman*, 262 F.3d at 1134. The court's holding held true to that form: "Our holding is that the statute's limit on actual fees to those 'incurred as a result of removal' requires the district court to conduct some sort of reasonableness inquiry." *Huffman*, 262 F.3d at 1134. In fact, the court in *Huffman* mentions that one disputed attorney's fee item was $1800 to prepare the fee application. *Id*. at 1134. Fees incurred for preparing a request for attorney's fees are not fees incurred to "resist removal," and yet the *Huffman* court did not suggest

4

that such fees were inappropriate. Rather, the court remanded the issue to the district court to consider the reasonableness of the fees. The Court finds that it may award reasonable attorney's fees for time "incurred as a result of the removal," 18 U.S.C. § 1447(c), even if such time was not directly related to resisting removal. Given that the Court has already found that Liberty Mutual had no legitimate, fair, or objectively reasonable basis for removing this case on April 3, 2009 [Docket No. 25], the compensatory goal of § 1447(c) is furthered by this interpretation. However, an award of such fees is appropriate only if such time was incurred solely as a result of removal, i.e. that such time would not have been incurred in the state proceedings.

The Court has reviewed the billing records attached as Exhibit 2 to the Affidavit of Christopher Mosley, which is Exhibit A to TIC's Submission. The Court agrees with TIC that such fees are related to proceedings in federal court and would not have been incurred had Liberty Mutual not improperly removed the case. The Court also finds that the hourly billing rate of paralegal Morgan is reasonable for the Denver legal market given her 12 years of experience. The Court finds that the time entries for attorneys Mosley and Pate and for paralegal Morgan after April 3, 2009 and before June 24, 2009 are reasonable. Thus, the Court awards $9485 in attorney and paralegal fees for this category.

**5. Attorney's fees to prepare the fee and cost submission** – TIC also seeks $862.50 in attorney's fees that it incurred as a result of preparing its attorney's fee and cost submission. Liberty Mutual opposes this request as beyond the scope of the Court's June 23, 2009 Order. It is customary to award attorney's fees for this category of expenses under attorney fee provisions, including § 1447(c). *See Wiegand v. Paul*

5

*Revere Life Ins. Co.*, No. 97-C8880, 1998 WL 456539, at *2 (N.D. Ill. July 31, 1998). The Court has reviewed the billing records attached as Exhibit 1 to the Affidavit of Christopher Mosley, which is Exhibit A to TIC's Submission and, in particular, the entries for June 24-26, 2009. Given that TIC has not prevailed on all of its requests for attorney's fees, it is appropriate that the Court reduce TIC's request under this category. TIC's request for pre-April 3, 2009 attorney's fees, which the Court disallows, is a relatively minor component of its Submission. The court will reduce the request for attorney's fees for preparing the Submission by 10% to take this disallowed portion into consideration. The Court otherwise finds that the time entries of attorney Pates for work on the Submission are reasonable. The Court awards $776.25 in attorney's fees for this category.

    Wherefore, it is

    ORDERED that, pursuant to the Court's Order of June 23, 2009 and 28 U.S.C. § 1447(c), defendant Liberty Mutual Insurance Company shall pay to plaintiff TIC-The Industrial Company fees in the amount of $18,711.25 and costs in the amount of $198.13.

    DATED March 24, 2010.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge